(Decided 18th February, 1873.)

---

JOSEPH MINCE *vs.* GEORGE W. TUCKER, Administrator of THOMAS THOMPSON.

*When an Appeal will be dismissed.*

Where the transcript of the record of proceedings on an appeal from a Court of Equity is not transmitted to the Court of Appeals within six months from the time of the appeal prayed, and it is not made to appear to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk, the appeal will be dismissed.

APPEAL from the Circuit Court of Baltimore City.

The cause was submitted to BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*William H. Cowan*, for the appellant.

*Innes Randolph*, for the appellee.

BRENT, J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case will be granted. The order of the Court below, dissolving the injunction, was passed on the 26th of June, 1871, and the appeal therefrom was taken by the complainant on the 29th of the same month. The transcript of the record, however, was not transmitted to this Court until the 22d of May, 1872, nearly *eleven months* after the appeal was taken.

Among the rules and regulations respecting appeals, adopted by this Court under the 18th section of Article 4 of the Constitution, the tenth rule requires that the transcript of the record should have been sent up within *six* months from the time the appeal was prayed. And the sixteenth rule provides that "no appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals, that such delay was occasioned by the neglect, omission or inability of the clerk; but such neglect, omission or inability, shall not be presumed, but must be shewn by the appellant."

To meet this requirement, the appellant has filed the deposition of Mr. Charles D. Hiss, who states that about a month after the appeal was taken, he called at the request of the appellant, at the office of the Circuit Court and asked the clerk to send up the record in this case, that the clerk told him he would not send it up until the costs were paid. The witness then asked him what the costs were, and was informed they were fifty-two dollars and twenty-five or thirty-five cents. He also states, that the cost of the record was fifteen dollars.

It appears from the certificate of the clerk attached to the record, that the transcript was completed on the first day of September, 1871.

Upon this proof we cannot say, that the failure to send up the record in time, is shown by the appellant to be

from any neglect, omission or inability on the part of the clerk. On the contrary, the deposition which he has filed, tends to prove that he himself is the party who has been guilty of a want of proper diligence. About a month after the appeal was taken, he was actually notified through his agent, Mr. Hiss, that the record would not be sent up unless the costs were paid; yet he seems to have done nothing towards paying them, or offering to pay them. The clerk had the authority of law for demanding his costs; and in requiring them to be paid before sending up the record, he did only what it was his right to do. The proof does not show any difficulty or disagreement between the clerk and the appellant as to the true amount of such costs. If more was demanded than was actually due, the appellant should have taken steps to have had the matter properly adjusted. But from July to the following May he seems to have laid quietly by and made no effort to have the record sent up, although the clerk had proceeded to make out the transcript, and had it ready for transmission on the first day of September, less than four months after the appeal was prayed.

Certainly, from all that appears to this Court, it was as easy if proper diligence had been used by the appellant, to have had the record sent up in September as it was in May, 1872, when it was actually transmitted. If he had pursued the same course he then did, the record would no doubt have been transmitted within the time required, and his appeal would not have been lost upon a motion to dismiss.

*Appeal dismissed.*

(Decided 18th February, 1873.)